UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       No. 10-175

ERROL HARRIS                                 SECTION: "J"(1)

# ORDER

Before the Court is a *Motion to Vacate* **(Rec. Doc. 226)** filed by Errol Harris ("Movant"). He seeks to have his conviction for use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A) vacated pursuant to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

Movant was indicted for conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One); bank robbery and aggravated assault in the course of bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count Two); and use of a firearm during and in relation to a crime of violence, in violation of § 924(c)(1)(A) (Count Three).[1] He pleaded guilty, pursuant to a plea agreement, to the conspiracy and firearm charges (Counts One and Three) and was sentenced to consecutive terms of imprisonment of 60 months for Count One and 84 months for Count Three, for a total term of imprisonment of 144 months, as well as concurrent five-year terms of supervised release; the Court dismissed Count Two on the Government's motion.[2]

A review of this Court's records reflects that Movant filed a prior motion to vacate under 28 U.S.C. § 2255 related to the same conviction, which the Court denied

---
[1] (Indictment, Rec. Doc. 1).
[2] (Rec. Doc. 116).

as foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017).[3] He subsequently received authorization to file a successive § 2255 motion.[4]

The Court notes that Movant's plea agreement contains a collateral proceeding waiver and that no exception contained therein applies to the instant motion.[5] But even if the motion is not barred by the waiver, the Court finds that the motion should be denied on its merits. *Davis* held that the residual clause definition of "crime of violence" in § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336. The predicate offense for Movant's § 924(c) conviction was Count Two, bank robbery under § 2113,[6] which the Fifth Circuit has held is a crime of violence under the elements clause, § 924(c)(3)(A). *See United States v. Cosner*, 690 F. App'x 292, 293 (5th Cir. 2017) (per curiam); *see also United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017) (holding § 2113 to be a crime of violence under U.S.S.G. § 4B1.2(a)(1), which defines crime of violence in exactly the same way as § 924(c)(3)(A)). Thus, Movant has failed to show that his sentence is unconstitutional.

The Court further finds that a Certificate of Appealability ("COA") should not issue because Movant has failed to make a substantial showing of the denial of a constitutional right, as he has not shown that he was convicted under the residual clause invalidated by *Davis* and therefore reasonable jurists could not conclude that his claims are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

---

[3] (Rec. Doc. 205).
[4] (Rec. Doc. 223).
[5] (Rec. Doc. 99, at 2).
[6] (Indictment, Rec. Doc. 1, at 4).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that a COA is **DENIED** for the reasons stated herein.

New Orleans, Louisiana, this 9th day of December, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE